**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Terrance Lowdermilk, #40065-074, | ) | |
| | ) | Civil Action No. 8:07-2944-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John J. LaManna, Warden of | ) | |
| FCI-Edgefield; Wanda Harrison, | ) | **ORDER** |
| Case Mgr. Coordinator; Gary | ) | **(Written Opinion)** |
| Koger, Case Mgr.; Bureau of | ) | |
| Prisons; Frank Spoon, Factory | ) | |
| Mgr.; R. Glasgow, Counselor; | ) | |
| Mr. Harrison, Asst. Warden; | ) | |
| NFN Fennell, Officer, | ) | |
| Practitioner; and Officer | ) | |
| Joe Werts, Supervisor, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the magistrate's Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c),

D.S.C., filed on July 27, 2009. Although Plaintiff originally filed his Complaint under

42 U.S.C. § 1983, the magistrate has correctly treated Petitioner's claim as an action

under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S.

388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action

under the Constitution of the United States against federal officials for the violation

of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C.

§ 1983; federal officials cannot be sued under 42 U.S.C. § 1983 because they do not

act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n.

30 (1982).

Plaintiff, a federal prisoner, originally brought this action on August 21, 2007, alleging that Defendants violated a number of his constitutional rights. Defendants filed a motion to dismiss on September 30, 2008 for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). Following issuance of a *Roseboro* Order, the magistrate recommended that Defendants' motion to dismiss be granted, that Defendants E.K. Carlton, Joy, and Neal be dismissed from this action without being served, that the Bureau of Prisons (BOP) be dismissed as a defendant, and that Plaintiff's Complaint be dismissed with prejudice. For the reasons stated herein, notwithstanding Plaintiff's objections, this Court adopts the magistrate's Report and Recommendation in its entirety.

## Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71

(1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## <u>Discussion</u>

The Court first reiterates that it may only consider non-conclusory objections to the Report and Recommendation that direct this Court to a specific error. Several of Plaintiff's objections merely express disagreement with the magistrate's Report and Recommendation and contain legal phraseology in lieu of any actual argument or

specific assertion of error in the magistrate's findings. To the extent Plaintiff raises cognizable and specific objections to the magistrate's Report and Recommendation, those objections are addressed below.

## A.    Mandamus Relief

Plaintiff objects to the magistrate's finding that because Plaintiff is now in minimum custody, and because his custody classification has been corrected, Plaintiff's request for mandamus relief is moot. Plaintiff contends that although his custody classification was corrected, he is not in minimum custody and therefore entitled to mandamus relief.

Plaintiff states quite clearly in an affidavit accompanying his sur-reply memorandum that he "is now [in] 'minimum' custody . . . ." (Pl.'s Aff. ¶ 37) (emphasis in original). Plaintiff is seemingly attempting to supplement the record through his objections by raising new issues not appropriately before this Court. *See Dunkle v. Newton-Embry*, No. 08-6276, 2009 WL 1362977, at *2 (10th Cir. May 18, 2009); *see also Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976). Even if Plaintiff's arguments were not moot, his assertions utterly fail to carry the heavy burden imposed on a party seeking mandamus. *See In re Rice*, 33 Fed. App'x 108 (4th Cir. 2002) ("The party . . . [must show] . . . that he has 'no other adequate means to attain the relief he desires' and that his entitlement to such relief is 'clear and indisputable.'" (quoting *Allied Chem. Corp. v. Daiflon, Inc*., 449 U.S. 33, 35 (1980)). Plaintiff's objection is meritless and overruled.

**B.    Liberty Interest**

Plaintiff objects to the magistrate's finding that Plaintiff does not have a liberty interest in custody classification. Plaintiff argues that he has a liberty interest in his custody classification created by 18 U.S.C. §§ 3621(b), 4081, and 28 C.F.R. § 570.21.

As the magistrate correctly noted, the courts do not become involved in review of discretionary decisions of prison administrators because such decisions do not involve due process. *Meacham v. Fano*, 42 U.S. 215, 224-25 (1976). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). "Put simply, petitioner has not stated a due process claim because he has no protected liberty interest in a particular classification within BOP . . . ." *Posey v. Dewalt*, 86 F.Supp.2d 565, 571 (E.D. Va. 1999).

Although the government can create a liberty interest by statute or regulation, the authority Plaintiff cites do not create any liberty interest in custody classification decisions. The hallmark of a statute that has created a liberty interest is a lack of discretion. *See Meachum v. Fano* , 427 U.S. 215 226-27 (1976); *Smith v. Ashcroft*, 295 F.3d 425, 428 (4th Cir. 2002). Accordingly, where a statute grants prison administration discretion, or does not act to meaningfully limit that discretion, the

government has conferred no right on the inmate. *See Kitchen v. Upshaw*, 286 F.3d 179, 184 (4th Cir. 2002); *Mallette v. Arlington County Employees' Supplemental Ret. Sys.*, 91 F.3d 630, 634 (4th Cit. 1996). Here, 28 C.F.R. § 570.21 deals with pre-release community confinement and is inapplicable to this case. Both §§ 3621(b) and 4081 grant the BOP broad discretion and do not provide Plaintiff with a liberty interest. *Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976) (holding that § 4081 affords the BOP wide discretion and provides "no legitimate statutory or constitutional entitlement sufficient to invoke due process"); *Trowell v. Beeler*, 135 Fed. App'x 590, 595 (4th Cir. 2005) (holding that under § 3621(b), "BOP must exercise its own independent judgment"). Plaintiff's objection is therefore meritless and overruled.

## C.    Discrimination

Plaintiff objects to the magistrate's finding that Plaintiff fails to state a valid claim for discrimination regarding his work assignment. The magistrate correctly noted that in order for Plaintiff to state a claim for an equal protection violation in a prison setting, he "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). *See also see Johnson v. California*, 543 U.S. 499 (2005) (holding that to state a cognizable equal protection claim, a plaintiff must allege that defendants acted with intentional discrimination against *a class of inmates which included plaintiff*). To meet this requirement, Plaintiff must set forth "specific, non-conclusory

factual allegations that establish improper motive." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003).

Plaintiff invokes the phrase "equal protection" without alleging sufficient facts to support it. He initially claimed that he was paid less than some white inmates, and therefore failed to allege he was a member of an identifiable group. Plaintiff now alleges that black inmates were paid less than white inmates. However, Plaintiff still fails to set forth specific allegations that establish proper motive. He simply claims improper motive on Defendants' part without offering any specific facts. Plaintiff's assertions, even if properly before this Court, fail to establish any intentional discrimination. "The presence [ ] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint" do not support the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001) (dismissing Fourteenth Amendment claim where complaint alleged "deliberate indifference" but included no facts to support allegation). Therefore, Plaintiff's objection is without merit and overruled.

**D.      Retaliation and Access to Courts**

Plaintiff objects to the magistrate's finding that Plaintiff fails to state a valid claim for retaliation. Although prisoners have a constitutionally protected right to access the courts without retaliation, this Court views inmate allegations of retaliation with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." *Cochran v.*

*Morris*, 73 F.3d 1310, 1317 (4th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir.1994). To succeed on a retaliation claim, the plaintiff must allege facts sufficient to demonstrate that the alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams*, 40 F.3d at 75. Plaintiff must also demonstrate that he suffered some adverse impact or actual injury, more than mere inconvenience, to the exercise of his constitutional right. *ACLU of Md., Inc. v. Wicomico County, Md.*, 999 F.2d 780, 785 (4th Cir. 1993). Plaintiff must plead specific evidence "establish[ing] that but for the retaliatory motive[,] the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Many of Plaintiff's objections regrading his retaliation claim either restate his initial argument or take issue with minor factual issues of the magistrate which ultimately have no bearing on the issues before this Court. Plaintiff's objections fail to contradict the magistrate's finding that he suffered some adverse injury apart from some minor inconvenience. Plaintiff concedes in his objections that his custody has been changed for the better, and that he was put in for a transfer. Further, Plaintiff fails to allege any adverse impact on his access to the courts. He merely claims he was required by courts on a few occasions to show cause as to why his filings were late. Plaintiff's objections are therefore meritless and overruled.

### E.    Conspiracy

Plaintiff objects to the magistrate's finding that Plaintiff fails to allege any facts

indicating that the defendants acted jointly to injure him. Plaintiff mostly restates his initial argument, while adding a few additional facts and invoking the phrase "meeting of the minds". Although this Court is required to liberally construe a *pro se* complaints, this Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). Accordingly, Plaintiff's objections are without merit and overruled.

**F.       Breach of Contract**

Plaintiff objects to the magistrate's finding that Plaintiff is attempting to state a claim for breach of contract and that such claims are not cognizable under *Bivens*. In his objections, Plaintiff goes on to explain how he is a third-party beneficiary under an alleged contract between the government and Defendants. These objections do nothing to change the legal status of Plaintiff's claim. A breach of contract claim is not cognizable in a § 1983 or Bivens action. *Coastland Corp. v. County of Currituck*, 734 F .2d 175, 178 (4th Cir.1984) (holding contractual rights do not give rise to claims under 42 U.S.C. § 1983). Even if one is a party to a contract, it does not mean the alleged breaches of contract are converted into a constitutional claim. *See Wilkie v. Robbins,* 552 U.S. 53, 556-57 (2007).  Therefore, Plaintiff's objections are meritless and overruled.

<u>Conclusion</u>

After reviewing the record, the objections, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this

case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that the Bureau of Prisons be dismissed as a defendant in this lawsuit.

IT IS FURTHER ORDERED that the Respondents' Motion to Dismiss is GRANTED, and the Petitioner's claims are DISMISSED, with prejudice and without issuance and service of process on Defendants E.K. Carlton, Joy, and Neal.


IT IS SO ORDERED.


_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE


Anderson, South Carolina
August  21  , 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.